9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James David SMITH, Defendant-Appellant.
 No. 92-5714.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 12, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.
 Stephen L. Grobel, Hampton, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Julius Rothstein, Third Year Law Student, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Following a jury trial, James David Smith was convicted on one count of aiding and abetting in the illegal distribution of crack cocaine in violation of 21 U.S.C.A. § 841(a)(1) & (b) (West 1981 & Supp. 1993) and 18 U.S.C. § 2 (1988). Claiming that the evidence is insufficient to support his conviction, Smith appeals. We find Smith's claims lack merit; consequently, we affirm.
 
 
 2
 Smith contends that there was insufficient evidence to support his conviction. In determining evidentiary sufficiency, the reviewing court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 3
 The crime in which Smith was involved was a plot to buy guns with drugs. Because Smith did not participate in the actual exchange of drugs for guns, his conviction was for aiding and abetting the exchange. "To be convicted of aiding and abetting, '[p]articipation in every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about that result.' " United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983), ( quoting United States v. Hathaway, 534 F.2d 386, 399 (1st Cir.), cert. denied, 429 U.S. 819 (1976)), cert. denied, 465 U.S. 1028 (1984).
 
 
 4
 Smith introduced Artis, an individual seeking to buy guns with drugs, to Harrell, an individual Smith believed had access to guns, but who in fact was a private investigator working with the police. Initially, Smith was to arrange a drugs-for-guns deal between Artis and Harrell. Although ultimately Smith did not arrange the exchange that took place, he participated in it to the extent that he asked to be a part, was granted permission by Artis and Harrell, rode with Harrell to meet Artis for the weighing of the drugs before the exchange, and relayed a message to Harrell from Artis concerning a change in plans for the pre-exchange meeting. He knew about the result of the illegal transaction and repeatedly expressed intent to bring about the result, protesting when he was not permitted to participate in the actual exchange. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find sufficient evidence that Smith aided and abetted the distribution of cocaine base.
 
 
 5
 Smith argues that the evidence was not sufficient because his case is analogous to a Tenth Circuit case in which a defendant's activities were found not to amount to aiding and abetting. In United States v. King, 936 F.2d 477 (10th Cir.), cert. denied, 60 U.S.L.W. 3419 (U.S. 1991), Defendant King was convicted of aiding and abetting in the distribution of a controlled substance after he accompanied Buttars on a trip during which Buttars delivered marijuana to Leder. 936 F.2d at 478-79. The Tenth Circuit found these facts insufficient to support King's conviction:
 
 
 6
 The evidence ... established that: King was aware of Buttars' drug distribution activities; King had personally purchased drugs from Buttars; King knew that Buttars might be selling drugs to Leder on the day in question; King accompanied Buttars during the trip to meet with Leder; Buttars exited her car and entered Leder's car; and King remained in Buttars' car.
 
 
 7
 Neither Buttars or Leder testified that King participated in the transaction in any manner or that he shared in the proceeds paid by Leder to Buttars. Moreover, the government failed to establish, save through speculation, that King "willfully associated himself in some positive way with the criminal venture," that he "joined the enterprise," or that he sought "to make it succeed by some action on his part."
 
 
 8
 Id. at 481 (citations omitted). Unlike the defendant in King, Smith not only knew that Artis and Harrell would exchange drugs and guns, he actively participated. He willfully associated himself with the criminal venture by asking to be a middleman and sought to make it succeed by relaying Artis' change in plans to Harrell. Furthermore, he vehemently protested not being able to participate in the actual conclusion of the deal. Thus, King is factually distinguishable from Smith's case and does not provide support for finding evidentiary insufficiency.
 
 
 9
 For these reasons, we affirm Smith's conviction. We deny Smith's motions for dismissal of counsel and appointment of new counsel. Although we grant Smith's motion to file a pro se supplemental brief, we do not consider the ineffective assistance of counsel claim raised in the brief, because it is more appropriately raised in the district court in a 28 U.S.C. § 2255 (1988) motion. See United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992), cert. denied, 61 U.S.L.W. 3583 (U.S. 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED