**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 4 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROY LEON LINDSEY, JR.,

Defendant-Appellant.

No. 97-6356
(D.C. No. 97-CV-1255-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN,**[**] Senior District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Roy Leon Lindsey, Jr. pled guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 125 months in prison. He voluntarily dismissed his direct appeal. He now appeals the district court's denial of his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Lindsey contends that his counsel was constitutionally ineffective for failing to challenge the quantity of methamphetamine and his alleged ownership of a gun listed in his presentence report and for failing to request a downward departure. He also contends that the district court erred by failing to hold an evidentiary hearing and correspondingly to appoint counsel to represent him. We previously granted Lindsey a certificate of appealability and appointed counsel to represent him on appeal. Because the district court did not make any factual findings, our review of its denial of Lindsey's § 2255 motion is de novo. See United States v. Cox, 83 F.3d 336, 338 (10th Cir.1996).

Lindsey was arrested after a fire he had built on the floor of his stalled vehicle got out of control, and firefighters and Oklahoma state police arrived to extinguish the fire and investigate. In the partially burned vehicle, officers found a loaded .357 Ruger pistol under the driver's seat, several lumps of a white

substance that appeared to be wrapped in plastic and packed in bundles, and various glassware including beakers, flasks and tubing. The presentence report noted that the gun was owned by and registered to Lindsey. The report also stated that lab analysis determined that the bundles recovered from the vehicle had a weight of 454 grams including packaging and that the substance in the bundles was methamphetamine weighing 198.36 grams. Lindsey did not object to these statements in the presentence report, and the district court relied on the stated amount of methamphetamine (U.S.S.G. § 2D1.1(c)(7)) and possession of the gun (U.S.S.G. § 2D1.1(b)(1)) in determining his offense level.[1]

In his § 2255 motion, Lindsey contends that his counsel was ineffective for failing to challenge the amount of methamphetamine and his alleged ownership of the gun.[2] He contends that because the methamphetamine melted together with its plastic wrapping in the vehicle fire, the lab analysis of the relative weights of methamphetamine and wrapping may have been wrong. Therefore, he continues, his counsel should have obtained an independent estimate of the amount of the drug, and "[d]epending on the estimate and the district court's assessment of its reliability, Lindsey's offense level may well have been lower." Appellant's

---

[1]    The district court used the 1995 edition of the Sentencing Guidelines Manual.

[2]    The brief filed by appointed counsel did not address the gun, but Lindsey's pro se brief filed prior to the appointment of counsel did.

Suppl. Opening Br. at 11. He also contends that because he has never owned or registered a .357 Ruger pistol and was not aware it was in the vehicle, his counsel should have challenged his two-level adjustment for possession of the gun.

To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of this test, a defendant must establish "that counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Under this standard, "[j]udicial scrutiny of counsel's performance must be highly deferential," and the court must avoid the "distorting effects of hindsight." Id. at 689. Under the second prong of the Strickland test, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

We conclude that Lindsey has failed to show that his counsel was constitutionally ineffective. He has made no allegation, much less presented any evidence, that the lab analysis of the amount of methamphetamine was wrong. He is simply speculating that it may have been wrong, that through appointment of counsel, further analysis and an evidentiary hearing, he may be able to show that the amount of the drug he possessed was disputed, and that the district court

may have found his theoretical evidence more credible. Such layers of speculation are insufficient to show prejudice. See Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997); Garrett v. United States, 78 F.3d 1296, 1302 (8th Cir. 1996). Moreover, defendant personally was in the best position to inform his counsel both that the amount of methamphetamine he admitted possessing was overstated[3] and that he did not own the gun the presentence report stated was registered in his name, yet he does not contend that he told his counsel about these alleged errors. In this regard, defendant thus cannot fault his counsel for failing to challenge the presentence report. Cf. United States v. King, 936 F.2d 477, 480 (10th Cir. 1991) ("An attorney's failure to investigate cannot be charged as a claim of 'ineffective assistance of counsel' when the essential and foundational information required to trigger such an investigation is withheld from the defendant's attorney by the defendant himself.") (quotation omitted).

Lindsey also claims that his counsel was ineffective for failing to request a downward departure on the basis that his criminal history category overrepresented the seriousness of his criminal past because his criminal history consisted largely of non-violent, substance-abuse related conduct. Lindsey's past does not present a strong case for departure. His criminal history category of VI

---

[3]   Nor has he ever stated in this § 2255 action that, based on his personal knowledge, the amount was overstated.

-5-

(13 or more points) resulted from his accumulation of 17 points for convictions for possession of marijuana, driving after declared habitual traffic violator, possession of drug paraphernalia, aggravated false impersonation, driving under the influence of alcohol (twice), theft by deception, and serving a sentence at the time of offense. Other convictions for possession of methamphetamine and paraphernalia were not counted because they were related offenses. See U.S.S.G. § 4A1.2 Application Note 3. He had eight other arrests that included six drunk driving charges and several charges for possession of marijuana and methamphetamine that were dismissed as parts of plea agreements. His criminal conduct has continued from 1985 to the time of his current offense. Cf. U.S.S.G. § 4A1.3 (citing as example of possibly overrepresentative criminal history level, case of defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of criminal behavior in intervening period). As we have said before, "driving under the influence of alcohol is not inherently non-violent." United States v. Jones, 80 F.3d 436, 439 n.2 (10th Cir. 1996). Finally, counsel did state at sentencing that most of Lindsey's crimes were substance-abuse related, so the court was aware of this as a possible basis for departure.[4] Given this situation, counsel's failure to request a

---

[4] The court was also aware of this information when, from a range of 110 to 137 months, it chose to sentence Lindsey to 125 months.

downward departure was not such a serious error, if error at all, that his counsel's performance was constitutionally deficient.

Because Lindsey's ineffective counsel claims lack merit, the district court did not abuse its discretion by not holding an evidentiary hearing. See Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996). The judgment of the district court is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge