FILED
United States Court of Appeals
Tenth Circuit

August 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff–Appellee,

v.

STEVEN B. JONES,

  Defendant–Appellant.

No. 11-8020

(D.C. No. 07-CV-00322-ABJ)

(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

Defendant, a federal prisoner proceeding pro se, seeks a certificate of

appealability to appeal the district court's denial of his § 2255 habeas petition.

Following a nine-day jury trial, Defendant was convicted of participating in a

drug-trafficking conspiracy. His conviction and sentence were affirmed on direct

appeal. *See United States v. Jones*, 468 F.3d 704 (10th Cir. 2006). In the instant

§ 2255 habeas motion, Defendant raised several claims of ineffective assistance

of trial and appellate counsel, as well as a claim of actual innocence. The district

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court denied Defendant's motion without holding an evidentiary hearing.

In his petition for a certificate of appealability, Defendant argues the district court committed several errors in denying his habeas petition. Two of his arguments warrant some discussion. First, Defendant argues the district court misapprehended the basis for Defendant's claim regarding the trial testimony of one of Defendant's co-defendants, who entered a plea of guilty several days into the trial. The district court considered whether trial counsel was ineffective for failing to seek severance, but Defendant points out that his claim was actually premised on the alleged violation of the trial court's sequestration order. However, although we agree with Defendant that the district court apparently misapprehended the ground on which his claim was based, we nonetheless conclude that reasonable jurists would not debate whether the court's denial of this claim was correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Tenth Circuit precedent makes clear that sequestration orders "'only apply to those who are known to be witnesses at the time,'" *United States v. Boley*, 730 F.2d 1326, 1333 (10th Cir. 1984) (quoting *United States v. Cort-wright*, 528 F.2d 168, 176 (7th Cir. 1975)), and thus Defendant's counsel was not ineffective for failing to argue that the court's sequestration order was violated when Defendant's co-conspirator testified against him after pleading guilty several days into the trial. *See id.*

We next address Defendant's contention that the district court's discussion

-2-

of the facts relating to his selective prosecution claim was contradicted by the court's recitation of the testimony of one co-conspirator. Although we agree with Defendant that the court's factual recitations appear inconsistent, we nevertheless conclude that reasonable jurists would not debate whether the court erred in denying this claim. Defendant argues that his selective prosecution claim was properly raised and preserved at the trial court level and that his appellate counsel rendered ineffective assistance by failing to raise this issue on appeal. However, if this issue had been raised on appeal, the trial court's finding that Defendant was not subjected to selective prosecution would have been upheld unless it was clearly erroneous. *See United States v. Bohrer*, 807 F.2d 159, 161 (10th Cir. 1986). Because the record before us does not support the conclusion that this finding was clearly erroneous, we conclude that reasonable jurists would not debate whether appellate counsel was ineffective for failing to raise this issue on appeal. *See United States v. Cook*, 45 F.3d 388, 392-93 (10th Cir. 1995) ("When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel.") (internal quotation marks and citations omitted).

As for Defendant's other claims of ineffective assistance and his claim of actual innocence, we are persuaded that reasonable jurists would not debate the

district court's resolution of these claims. We likewise conclude that reasonable jurists would not debate the district court's conclusion that an evidentiary hearing was not required because the files and records in this case conclusively illustrate that Defendant is not entitled to any relief.

We next consider Defendant's motion for the court to take judicial notice of adjudicative facts. We construe this as a motion to supplement the record on appeal and, so construed, we grant the motion. However, these supplementary materials do not affect our resolution of this matter. Three of the four documents attached to Defendant's motion are purported booking documents placing him in jail during part of the time the drug-trafficking conspiracy was in effect. We are not persuaded, however, that counsel was ineffective for failing to investigate this possible defense, where Defendant has not shown that he informed counsel of his jail time. "An attorney's failure to investigate cannot be charged as a claim of ineffective assistance of counsel when the essential and foundational information required to trigger such an investigation is withheld from the defendant's attorney by the defendant himself." *See United States v. King*, 936 F.2d 477, 480 (10th Cir. 1991) (internal quotation marks omitted). Nor are we persuaded that Defendant's supplementary materials—the three booking documents and an affidavit from an acquaintance averring that he never saw Defendant dealing in illegal drugs or possessing firearms—would cause reasonable jurists to debate whether the district court erred in denying Defendant's actual innocence claim.

-4-

For the foregoing reasons, we **DENY** Defendant's request for a certificate of appealability and **DISMISS** the appeal. Defendant's motion for the court to take judicial notice of adjudicative facts is construed as a motion to supplement the record and, so construed, **GRANTED**. Defendant's request for the appointment of counsel to represent him on appeal is **DENIED**. Defendant's motion to amend his COA petition to correct a typographical error is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge