FILED
United States Court of Appeals
Tenth Circuit

November 4, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

STEVEN BRADLEY JONES, SR.,

      Defendant - Appellant.

No. 15-8043
(D.C. Nos. 2:07-CV-00322-ABJ &
2:05-CR-00078-ABJ-5)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

Steven Bradley Jones, Sr. seeks to appeal from the district court's dismissal of his "Subject-Matter Jurisdictional Challenge Pursuant to Fed. R. Civ. P. 12(b)(1)" for presenting unauthorized second or successive 28 U.S.C. § 2255 claims. We deny a certificate of appealability (COA) and dismiss this matter.[1]

In 2005, a jury convicted Mr. Jones of conspiracy to possess with intent to distribute, and to distribute, cocaine base (crack cocaine), and conspiracy to use a

---

[*]    This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    Mr. Jones did not explicitly request a COA, but because he must have one to appeal, the court has construed his notice of appeal as a request for a COA.

place where crack cocaine is manufactured, distributed, and used, in violation of 21 U.S.C. §§ 841, 846, and 856. He was sentenced to 300 months' imprisonment. After this court affirmed on direct appeal, *see United States v. Jones*, 468 F.3d 704, 711 (10th Cir. 2006), Mr. Jones unsuccessfully pursued a § 2255 motion, *see United States v. Jones*, 437 F. App'x 639, 640-41 (10th Cir. 2011). As relevant to this appeal, in January 2015, he filed his "Subject-Matter Jurisdictional Challenge Pursuant to Fed. R. Civ. P. 12(b)(1)," in which he asserted that the district court lacked jurisdiction to conduct the criminal proceedings against him. He argued that the indictment was unconstitutionally duplicitous and that the United States had no standing to respond to his original § 2255 motion (and, by extension, to prosecute him) because the evidence at his criminal trial was insufficient to show the United States had suffered an injury in fact. Concluding that the filing was the equivalent of a § 2255 motion, and therefore was subject to the restrictions on second or successive § 2255 motions, the district court dismissed it for lack of jurisdiction. *See* 28 U.S.C. § 2255(h) (limiting second or successive motions); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (holding that district court has no jurisdiction to decide unauthorized second or successive § 2255 claims).

To appeal, Mr. Jones must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For a COA, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

- 2 -

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not examine the first *Slack* prong because Mr. Jones fails to establish the second prong.

"[A] second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court." *United States v. Nelson*, 465 F.3d 1145 1148 (10th Cir. 2006); *see also* 28 U.S.C. §§ 2255(h), 2244(b)(3). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149.

> A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or *that the court was without jurisdiction to impose such sentence*, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

*Id.* at 1148 (quoting 28 U.S.C. § 2255(a)) (emphasis added). Mr. Jones' filing alleged that the district court lacked jurisdiction, and therefore the district court properly treated the filing as the equivalent of a § 2255 motion.

Mr. Jones invokes Fed. R. Civ. P. 15(c), asserting that his claims should relate back to his original § 2255 proceeding. And he states that his "instant filing seeks to amend, clarify, and amplify his original § 2255." Aplt. Br. at v. In *Nelson*, however, this court concluded that a post-judgment Rule 15 motion seeking to amend a § 2255 motion was subject to the restrictions on second or successive § 2255 motions. 465 F.3d at 1148-49; *see also Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005) (stating that a Fed. R. Civ. P. 60(b) motion that seeks to add a new claim or to

- 3 -

re-litigate a previously raised claim qualifies as a second or successive 28 U.S.C. § 2254 application). We see no reason to treat Mr. Jones' motion differently than the motion at issue in *Nelson*.

As stated, Mr. Jones already pursued relief under § 2255. "And because judgment has been entered on [his] first § 2255 motion, it cannot be disputed that this is a second or successive § 2255 motion." *Nelson*, 465 F.3d at 1149. Further, it is clear that "if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." *Id.* at 1148. For these reasons, no reasonable jurist could debate the propriety of the district court's dismissal, for lack of jurisdiction, of Mr. Jones' "Subject-Matter Jurisdictional Challenge Pursuant to Fed. R. Civ. P. 12(b)(1)."

Mr. Jones' motion to proceed without prepayment of costs and fees is granted; however, he is still responsible for filing and docketing fees in the amount of $505.00. Payment must be made to the clerk of the district court. A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk