NOT DESIGNATED FOR PUBLICATION

No. 124,307

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TRAVIS SAMEK,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed August 5, 2022. Affirmed.

*Dionne M. Scherff*, of Joseph, Hollander & Craft LLC, of Overland Park, for appellant.

*Claire Kebodeaux*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, for appellee.

Before GREEN, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: Travis Samek appeals from the district court's denial of his K.S.A. 60-1507 motion. He alleges his trial counsel was ineffective for a number of reasons, which can generally be categorized as: (1) failure to investigate potentially helpful evidence; (2) failure to make or file motions; (3) failure to object to certain evidence at trial; and (4) cumulative error. Upon a careful and extensive review of the record, we find no error and affirm.

1

FACTS

The full factual and procedural history of the underlying criminal case is set forth in *State v. Samek*, No. 118,055, 2019 WL 1087258 (Kan. App. 2019) (unpublished opinion). Relevant to this appeal, Samek was charged with two counts of rape and one count each of aggravated indecent liberties with a child and aggravated criminal sodomy for acts committed in 2013. Samek's first trial resulted in a hung jury, and the trial court declared a mistrial. In his second trial, a jury convicted him of all four counts as charged. The trial court imposed a total controlling sentence of lifetime imprisonment without the possibility of parole for 50 years. On direct appeal, another panel of our court affirmed Samek's convictions and prison sentence but vacated the district court's imposition of lifetime postrelease supervision and remanded to the district court with instructions to prepare a corrected journal entry reflecting Samek was subject to lifetime parole. *Samek*, 2019 WL 1087258, at *5.

Samek filed a K.S.A. 60-1507 motion in April 2020, asserting his trial counsel was ineffective for failing to:

- Investigate the mental capacity or request a psychiatric evaluation of the victim, J.S.;
- investigate prior allegations J.S. purportedly made against her cousin;
- investigate or introduce evidence of J.S.'s prior crimes or acts of dishonesty;
- investigate threatening text messages allegedly sent to Samek by J.S.'s stepfather;
- object to testimony by forensic interviewers;
- object to testimony from J.S. about events she claimed to remember two days before trial;
- move for a directed verdict after the State's case-in-chief.

2

Samek also alleged individual and collective deficiencies warranted reversal of his convictions and sentence.

At the evidentiary hearing on Samek's motion, both he and his trial counsel, KiAnn Caprice, testified along with his criminal defense expert, Christopher Brown. After taking notice of the trial court records and considering the testimony and exhibits presented at the evidentiary hearing, as well as the parties' proposed findings of fact and conclusions of law, the district court issued a written decision denying Samek's motion. Additional facts are set forth as necessary.

ANALYSIS

Samek argues the district court erred in denying his K.S.A. 60-1507 motion, alleging his trial counsel was ineffective for failing to:

- Seek a pretrial psychiatric evaluation of J.S.;
- investigate prior allegations J.S. made against her cousin;
- investigate J.S.'s prior crime of dishonesty—a diversion for theft;
- investigate threatening text messages sent to Samek by J.S.'s stepfather;
- contemporaneously object to testimony by the forensic interviewers; and
- make other objections and trial motions.

He further asserts cumulative error denied him a fair trial.

*Standard of Review and Applicable Legal Principles*

After a full evidentiary hearing on a K.S.A. 60-1507 motion, the district court must issue findings of fact and conclusions of law concerning all issues presented.

3

Supreme Court Rule 183(j) (2022 Kan. S. Ct. R. at 242). An appellate court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's conclusions of law. Appellate review of the district court's ultimate conclusions of law is de novo. *Balbirnie v. State*, 311 Kan. 893, 897-98, 468 P.3d 334 (2020).

To be entitled to relief under K.S.A. 2021 Supp. 60-1507, the movant must establish by a preponderance of the evidence either: (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2021 Supp. 60-1507(b) (grounds for relief); see Supreme Court Rule 183(g) (preponderance burden).

Claims of ineffective assistance of trial counsel are analyzed under the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and adopted by the Kansas Supreme Court in *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985). Under the first prong, the defendant must show how defense counsel's performance was deficient. If successful, the court then "'moves to the second prong and determines whether there is a reasonable probability that, without counsel's unprofessional errors, the result would have been different.'" *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021).

"To establish deficient performance under the first prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.' [Citation omitted.]" 313 Kan. at 485. Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel "'must be highly deferential. . . . A fair assessment of [counsel's] performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time.'" 313 Kan. at 485-86.

A court considering a claim of ineffective assistance of counsel must strongly presume defense counsel's conduct fell "'within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, [counsel's] action "might be considered sound trial strategy."'" 313 Kan. at 486. If counsel has made a strategic decision after making a thorough investigation of the law and the facts relevant to the realistically available options, then counsel's decision is virtually unchallengeable. Strategic decisions made after a less than comprehensive investigation are reasonable exactly to the extent that reasonable professional judgment supports the limitations on the investigation. *State v. Butler*, 307 Kan. 831, 854, 416 P.3d 116 (2018). Samek bears the burden to show his trial counsel's alleged deficiencies were not the result of strategy. See *Sola-Morales v. State,* 300 Kan. 875, 888, 335 P.3d 1162 (2014).

Under the second prong, the defendant must show defense counsel's deficient performance was prejudicial. To establish prejudice, the defendant must show

> "with reasonable probability that the deficient performance affected the outcome of the proceedings, based on the totality of the evidence. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury.'" [Citations omitted.]" *Khalil-Alsalaami*, 313 Kan. at 486.

5

*Discussion*

*Failure to file a motion for psychiatric evaluation of J.S.*

Samek argues Caprice was ineffective for failing to file a pretrial motion for a psychiatric evaluation of J.S. pursuant to *State v. Gregg*, 226 Kan. 481, 489-90, 602 P.2d 85 (1979). A trial court has discretion to order a psychiatric evaluation of a witness based on its consideration of the following nonexclusive factors:

> "(1) whether there was corroborating evidence of the complaining witness' version of the facts,
> "(2) whether the complaining witness demonstrates mental instability,
> "(3) whether the complaining witness demonstrates a lack of veracity,
> "(4) whether similar charges by the complaining witness against others are proven to be false,
> "(5) whether the defendant's motion for a psychological evaluation of the complaining witness appears to be a fishing expedition, and
> "(6) whether the complaining witness provides an unusual response when questioned about his or her understanding of what it means to tell the truth. [Citations omitted.]"
> *State v. Berriozabal*, 291 Kan. 568, 581, 243 P.3d 352 (2010).

Samek asserts Caprice should have filed a *Gregg* motion because J.S. had documented behavioral issues and mental disabilities and Samek had advised Caprice of J.S.'s school records, reflecting she had been diagnosed with a low I.Q. and required special accommodations for her intellectual issues. Samek testified he and his family advised Caprice prior to trial that J.S. was extremely low functioning and qualified for special education services at her school.

Caprice testified she was aware of J.S.'s mental disability but made a strategic decision not to pursue a psychiatric evaluation. She believed the motion would have had

little chance of success and could have undermined her defense strategy. Caprice believed confronting J.S. with questions about her mental capacity could have made J.S. and her mother more dynamic witnesses for the State. Caprice also believed it would be counterproductive to present evidence to the jury that an alleged child sex offense victim was intellectually disabled. Brown also agreed a reasonable defense attorney might "not want to put before a jury that a child victim is [intellectually disabled]." Caprice believed the best defense strategy was to deny the allegations, assert J.S. was manipulated by her mother and stepfather into accusing Samek, attack the credibility of the forensic interviewers, and point out inconsistencies in the various witnesses' statements. Because this strategy had resulted in a hung jury in the first trial, she believed it was the best tactic for the second jury trial.

Just as he did before the district court, Samek relies on *State v. Simpson*, 299 Kan. 990, 327 P.3d 460 (2014), in support of this argument. However, the district court properly rejected this argument, finding *Simpson* distinguishable. *Simpson* does not speak to the merits of whether a psychiatric evaluation should have been ordered. Instead, the issue was whether the district court properly suppressed evidence of a complaining child witness when it ordered her to submit to a psychiatric evaluation and her mother refused. The State filed an interlocutory appeal. Our Supreme Court found the record was insufficient to support the State's claims of error and upheld the district court's decision on the basis the State failed to request the district court make sufficient findings. 299 Kan. at 993-94. *Simpson* provides no persuasive support for Samek's argument.

Here, the district court properly applied the relevant factors and determined a *Gregg* motion would not have been granted if filed because:

- Other witnesses, including J.S.'s sisters, corroborated her testimony;
- While school records showed J.S. had a low I.Q., there was no evidence of mental instability;

7

- J.S. gave detailed statements about the events, and none of the inconsistencies Samek pointed to showed a lack of veracity in the testimony itself;

- While Samek alleged J.S. made prior allegations against her cousin, the nature of those allegations was unclear, and it was never proven the allegations were false;

- Given the lack of evidence regarding mental instability or legitimate questions about J.S.'s veracity, a motion for psychiatric evaluation would appear to be a fishing expedition; and

- In reviewing the transcripts of the first and second trials, nothing in J.S.'s testimony reflected she gave unusual responses or did not understand what it meant to tell the truth.

Samek fails to meaningfully address the district court's thorough and well-founded explanation on these points. Thus, he effectively fails to show the district court erred in finding no prejudice. Still, Caprice's reasons for not filing the motion appears to be a strategic decision made after a thorough review of the relevant facts and law and realistically available options. Accordingly, her actions in this regard are virtually unchallengeable. See *Butler*, 307 Kan. at 854. The district court properly concluded Caprice's performance was not deficient. But even assuming Caprice should have filed a *Gregg* motion, the district court properly concluded the motion would have been denied; therefore, Samek cannot show prejudice.

*Failure to investigate prior allegations by J.S.*

Samek argues Caprice was ineffective for failing to investigate prior allegations J.S. made about her cousin. His argument on this point is unpersuasive. At the evidentiary hearing, Samek testified he told Caprice about an "incident" between J.S. and her cousin. Samek offered no further detail about the alleged incident. Caprice testified she discussed

8

the alleged incident with Samek but did not believe there was any evidence that could be brought forth to the jury given Kansas' rape shield law (K.S.A. 2021 Supp. 21-5502). Samek failed to explain the nature of the incident, what evidence might have been uncovered with further investigation, and how this would have affected the verdict. The district court properly concluded Samek did not meet his burden to establish error or prejudice. In his brief, Samek similarly fails to offer any detail on the prior allegations. Accordingly, he cannot show any error in the district court's decision on this issue.

*Failure to investigate J.S.'s prior crime of dishonesty*

Samek also claims Caprice was deficient for failing to investigate issues with J.S. lying at school and a juvenile diversion that resulted from J.S. stealing from another student at her school. He testified he advised Caprice of these issues. Caprice acknowledged she was advised of J.S. stealing while at school. However, she did not believe she could bring the evidence before the jury because J.S. received a diversion; therefore, it was not a conviction. She also believed the evidence was not helpful to the defense. Caprice said she discussed the issue with Samek and he agreed with her overall strategy. Caprice stated: "As a defense attorney who's dealt with sex victims and these types of cases, it's an absolute death knell to say, 'Little rape victim, you're a thief and you're [intellectually disabled], so you're a liar too.'" Caprice also testified: "I think it's strategically a bad decision to say, 'My [alleged victim] can't say that I touched her sexually because she's a thief.' No jury is going to think that that is a good defense to what's being alleged. So for strategic reasons, I wasn't going to do that either."

The district court found Caprice made a reasonable strategic decision. While reasonable defense attorneys might disagree whether Caprice's decision was the best strategy, it does not appear objectively deficient. Further, Samek fails to explain how J.S.'s diversion for theft would have been legally admissible. As our Supreme Court explained in *State v. Sanders*, 263 Kan. 317, 320, 949 P.2d 1084 (1997), a diversion is

9

not a conviction and, therefore, cannot be admitted as impeachment evidence under K.S.A. 60-421; rather, evidence of a diversion demonstrates a prior bad act, which is inadmissible as evidence of a witness' veracity under K.S.A. 60-422(d). During the evidentiary hearing, Samek also vaguely alluded to issues with J.S. lying at school; however, he fails to meaningfully address in his brief whether this information could have been additionally or alternatively admitted as evidence bearing on J.S.'s veracity. Accordingly, Samek has not demonstrated error or prejudice.

*Failure to investigate threatening text messages by J.S.'s stepfather*

Samek asserts Caprice was deficient in failing to investigate threatening text messages he allegedly received from J.S.'s stepfather. Samek alleged the text messages included threats by J.S.'s stepfather to "put [Samek] out of [his children's] lives," but Samek offered no further details as to the nature or number of messages. Samek never introduced the text messages into evidence at the hearing on his motion. The exact contents of the messages are unknown, and the whereabouts of Samek's phone is unknown. Caprice did not recall ever being given or seeing any text messages, nor was she aware of their contents. Caprice said if she had been provided the messages or made aware of specific threats in the messages, she would have investigated further to either admit the messages at trial or to see if they could be obtained through Samek's phone records. However, she did not believe one or two text messages would have made a difference because evidence was brought out in cross-examination about the animosity between J.S.'s stepfather and Samek. Samek also testified at trial he had a contentious relationship with J.S.'s stepfather prior to J.S. making the allegations.

The district court concluded Caprice was not deficient in her performance because Samek did not provide her with the text messages or his phone and she did not have sufficient information to warrant further investigation. The district court relied on the reasoning in *United States v. King*, 936 F.2d 477, 480 (10th Cir. 1991), in finding Samek

could not maintain a claim Caprice was ineffective when he failed to give her something she would have needed to justify further investigation. Even assuming Caprice's performance was deficient, the district court concluded Samek could not establish prejudice because the purported content of the text messages—threats by J.S.'s stepfather to remove Samek from his children's lives—would have been cumulative evidence of Samek's testimony about the anger and animosity directed toward him by his children and J.S.'s mother and stepfather.

Because Samek never introduced the messages into evidence, we cannot determine whether there is a reasonable probability the outcome would have been different. Samek fails to establish Caprice's performance was deficient.

*Failure to contemporaneously object to testimony of forensic interviewers*

Prior to trial, Samek filed a motion to exclude the testimony of forensic interviewers, arguing the interview methodology was flawed; therefore, the interviewers' testimony should be inadmissible under K.S.A. 2021 Supp. 60-456(b) and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-94, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The trial court denied the motion, and, when the interviewers testified at trial, Caprice did not renew the objection. Caprice stated she did not renew the objection at trial because "[she] knew what the ruling already was. [She] knew what the ruling from the bench would have been."

Samek argues Caprice was deficient in failing to renew the objection, which later resulted in a finding the issue was not properly preserved for appeal. *Samek*, 2019 WL 1087258, at *4. Samek may be correct, but Caprice provided a valid reason for her trial strategy on why she did not want to call further attention to the issue by objecting. She also explained the testimony of the forensic interviewers helped her defense strategy

11

because she was able to use the interviewers' testimony to show inconsistencies in the statements J.S. and her sisters made to the interviewers.

Ultimately, we decline to decide whether Caprice's failure to object was deficient because Samek has shown no prejudice. See *Edgar v. State*, 294 Kan. 828, 843, 283 P.3d 152 (2012) (claim of ineffective assistance of counsel can be disposed of without considering deficient performance if defendant cannot show prejudice). In *State v. Ballou*, 310 Kan. 591, 607-08, 448 P.3d 479 (2019), our Supreme Court held a forensic interview does not constitute expert testimony under *Daubert* or K.S.A. 2018 Supp. 60-456(b). Even if the issue had been preserved, Samek would not have been entitled to relief in his direct appeal.

*Failure to object to testimony about J.S.'s credibility*

Samek argues: "At trial, the State's experts gave testimony passing on the credibility of the complaining witness." He asserts Caprice failed to properly object to this testimony. However, Samek does not specifically identify the witnesses or the objectionable testimony. We find Samek has waived the argument due to inadequate briefing. See *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (issues not adequately briefed deemed abandoned).

But even if we considered his argument on the merits, we are still unpersuaded. From our review of the record, it appears Samek is referring to Virginia Lewis-Brunk's testimony that, based on her experience, it was not unusual for a child victim not to fully disclose everything that happened the first time the victim talks about it, and she was not surprised J.S. disclosed more after the initial interview. Samek's claim Caprice was ineffective because she did not object to the testimony as improper opinion testimony bearing on a witness' credibility is largely conclusory and ultimately unavailing. This is because Caprice objected on other grounds, the objection was eventually sustained, and

12

the jury was instructed to disregard Lewis-Brunk's testimony regarding whether she was surprised by the additional allegations. Samek cannot show error or prejudice when the testimony was successfully objected to and removed from the record with the jury being instructed to disregard the testimony.

*Failure to object and make trial motions*

Samek argues Caprice was ineffective for failing to object when J.S. testified about "newly disclosed information of criminal acts by Mr. Samek." However, Samek fails to specify what this new information was. We also find this point abandoned due to improper briefing. See *Gallegos*, 313 Kan. at 277. But even if we considered the point, we are likewise unpersuaded. It seems Samek is referring to allegations J.S. made in the second trial that Samek performed oral sex on her and attempted to perform anal sodomy on her. J.S. claimed to remember these events only two days before trial. From the record we cannot find where Caprice was ever asked about her reasons for not objecting to this testimony. However, Brown agreed it could have been a strategic decision to demonstrate yet another inconsistency in J.S.'s statements. And Caprice did, in fact, bring up this inconsistency in her cross-examination of J.S., her mother, and stepfather, and Caprice discussed it in closing argument. Samek fails to show Caprice's lack of objection was deficient, and he fails to properly argue or establish prejudice.

Samek further asserts Caprice was deficient for failing to move for a directed verdict at the close of the State's case-in-chief. His argument is unpersuasive. Although such a motion is generally made, it is not required. Caprice testified she did not make the motion because she believed it was unnecessary and would not make such a motion unless she believed it would succeed. Caprice's decision was reasonable given the evidence presented to the jury. On direct appeal, the panel found sufficient evidence supported Samek's convictions. *Samek*, 2019 WL 1087258, at *5. Essentially the same legal standard applies to a motion for directed verdict at trial as a challenge to the

13

sufficiency of the evidence on appeal. Compare *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021) (sufficiency of the evidence), with *State v. Cottrell*, 310 Kan. 150, 163, 445 P.3d 1132 (2019) (motion for directed verdict). Samek has failed to show error or prejudice. And even if the motion had been made, given the underlying facts, the district court would have denied it and submitted the charges to the jury.

*No cumulative error*

In his final issue, Samek asserts cumulative error denied him a fair trial. We find this issue has been abandoned due to inadequate briefing. See *Gallegos*, 313 Kan. at 277. Moreover, cumulative error was raised in Samek's direct appeal and rejected by the panel. *Samek*, 2019 WL 1087258, at *5. A K.S.A. 60-1507 motion cannot be used to seek a second appeal or to raise issues which have already been litigated or should have been argued on direct appeal. See *State v. Neal*, 292 Kan. 625, 630, 258 P.3d 365 (2011) (defendant must raise all available issues on direct appeal); Supreme Court Rule 183(c)(3) (2022 Kan. S. Ct. R. at 243) ("A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal."). Samek fails to argue or explain how any claim of cumulative error in his trial counsel's performance is substantively different from his claim of cumulative error on direct appeal.

Affirmed.